## RICHELIEU WINE COMPANY
### V.
### JOHN RAGLAND, SHERIFF.

*Replevin—Husband and Wife—Sales.*

1. A wife may not, without authority, deliver to the consignor. goods sold and consigned to her husband, he having deserted his family.

2. In an action of replevin brought to recover a quantity of liquors seized by the sheriff under a writ of attachment sued out by the creditors of a party named, this court holds, in view of the evidence, that plaintiff's remedy is by suit upon the contract for the purchase money, and that the judgment for the defendant can not be interfered with.

[Opinion filed June 21, 1892.]

APPEAL from the Circuit Court of St Clair County; the Hon. B. R. BURROUGHS, Judge, presiding.

Mr. R. W. ROPIEQUET, for appellant.

Messrs. TURNER & HOLDER, for appellee.

GREEN, P. J. Appellant brought this suit in replevin against John Ragland, sheriff of St. Clair County, to recover a quantity of liquors seized by him under a writ of attachment sued out by the creditors of John F. Pannier. The cause was tried by the court, the finding was for defendant, a writ of retorno was awarded, and judgment was entered against plaintiff for costs. To reverse the finding, order and judgment, plaintiff took this appeal. The goods in controversy were sold by appellant to Pannier for $760. It is not pretended he was guilty of false pretenses or fraudulent representations as to his financial condition in negotiating the purchase. By the terms of the sale he was to pay $200 before he received the goods, and no time was fixed for the payment of the balance. After the goods had been shipped, appellant drew on Pannier

at one day's sight for $200, which draft was returned unpaid.
The goods were shipped from Chicago to Pannier September
18, 1890, and were taken by direction of his wife from the
railroad depot to his place of business in Belleville, on Satur-
day, September 20, 1890, he having left home that day for
St. Louis. They were shipped, and the invoice and bill of
lading sent him without any condition or reservation. The
delivery of these goods to Pannier by the carrier was not
made dependent on the payment of the $200, but after the
shipment, appellant neither claimed nor exercised dominion
over or control of the goods as vendor. This is shown by the
evidence and the following letter sent Pannier on behalf of
appellant:

"CHICAGO, ILL., Sept. 18, 1890.
J. F. PANNIER, Esq., Belleville.

*Dear Sir:*—We inclose you invoice and bill of lading for
goods sent you, which we trust will reach you safely and
prove altogether satisfactory. As per instructions of our Mr.
Goldberg, we have made draft on you at one day's sight for
$200, which we trust you will protect. We hope to be
favored with future orders from you, which will have our
prompt and careful attention.

Very truly yours,
P. H. HEFFRON."

And even after appellant had been notified at 11:45 A. M.,
September 23, 1890, by its attorney, that Pannier had disap-
peared and attachments would be taken out, the reply was,
"attach our goods, claim seven hundred eighty sixty-six," thus
indicating that appellant then regarded the sale and delivery
fully consummated, and relied upon their right to recover the
purchase price by suit upon the contract. If by the terms of
the sale $200 was to be paid by Pannier before he could
demand the delivery to him of the goods, yet the evidence
shows appellant waived payment as a condition precedent to
such delivery, and hence the title to and right of possession
of the goods in controversy became vested in Pannier, and
appellant's remedy is by suit upon the contract for the pur-
chase money. Benjamin on Sales, 4th Am. Ed., Secs. 353

to 356; Mich. Cent. R. R. Co. v. Phillips, 60 Ill. 190. Under the facts proven, the attaching creditors occupied the same position, and were invested with the same rights as against appellant, as a *bona fide* purchaser from Pannier. Van Duzor v. Allen, 90 Ill. 499. It is claimed, however, in behalf of appellant, that before the writ of attachment was levied, the wife of Pannier delivered the goods to the agent of appellant, and thereby it became the owner and entitled to the possession thereof as against appellee. No authority to her from the husband is shown to rescind the sale or deliver the goods to appellant. She had no such authority at common law, and the letter from her husband received by her two days after his departure, in which he wrote, "he could get no help, that he must go away, and for her to take care of the children," conferred no authority upon her to dispose of the goods, nor did any statutory provision give her such right. In case the husband deserts his family, the wife may prosecute or defend in his name, any action which he might have prosecuted or defended. Sec. 3, Chap. 68, R. S. By Sec. 11, same chapter, it is provided, if the husband or wife abandons the other and leaves the State, and is absent therefrom for one year, without providing for the maintenance and support of his or her family, any court of record in the county of their residence may, upon petition, if satisfied of the necessity by the evidence, authorize him or her to manage, control, sell and incumber the property of the other, for the purpose of support of the family, or paying debts of the other, or debts contracted for such support. The wife of Pannier was given no authority to dispose of his property, as she did, by either of these sections, and our attention has been invited to no others by the provisions of which such authority was conferred upon her. We reach the conclusion from the evidence, that the goods in controversy were not the property of appellant when it commenced this suit, but were liable to the levy made by the sheriff; hence the finding, order and judgment of the trial court are affirmed.

*Affirmed.*